No. 19,592.

GERALD WIGGINS, ET AL. *v*. LEONARD MILLER, ET AL.
(360 P. [2d] 111)

Decided March 13, 1961.

Messrs. MELLMAN, MELLMAN AND THORN, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiffs in error by name and to defendant in error as Miller.

This action was instituted by Miller who filed a petition for a writ of habeas corpus in the district court of Jefferson county. He alleged that he was the grandfather and legally appointed guardian of three minor children; that Gerald Wiggins was the father of said minors; that, by order of the Juvenile Court of Cheyenne county in the State of Kansas, Miller was duly appointed guardian of the children. A copy of said order and all proceedings in connection therewith were attached to the complaint.

Miller further alleged that Gerald Wiggins, " * * * unlawfully and without consent of your petitioner or any other person, seized, kidnapped, and carried away said minor children" from the home of sisters of Gerald Wiggins in Fort Morgan, Colorado, where they were residing

and being cared for pursuant to order of the Kansas court. Miller alleged that Gerald Wiggins and his wife (stepmother of the minors) were unlawfully detaining the children in violation of said order entered by the Kansas court.

The writ issued and Mr. and Mrs. Wiggins made answer in which it was alleged, inter alia, as follows:

"That any orders entered in the County Court of Cheyenne County, Kansas, adjudicating the minor children herein as dependents and divesting the respondent, Gerald Wiggins of their custody and awarding their custody to the maternal grandparent, Leonard Miller, are void, illegal and without any effect on the respondent herein on the ground that the respondent, Gerald Wiggins, was never properly served in the so called Dependency Action in the State of Kansas, and any purported action taken thereunder is null and void.

"That during the summer of 1959, while Melvin Scott Wiggins was residing in Cheyenne County, Kansas, with a sister of the respondent, Gerald Wiggins, and the respondent's other children were residing in Ft. Morgan, Colorado, with his other sister, the maternal grandparent of the children, Leonard Miller, entered the State of Colorado, moved the children living at Ft. Morgan, Colorado, into the State of Kansas, which was done as a sham to defeat the rights of the respondent, Gerald Wiggins and his children and to act to divest him of their custody.

"That the County Court of Cheyenne County had never properly acquired proper jurisdiction of said Gerald Wiggins and in the absence of said Gerald Wiggins adjudicated all three children as dependent and awarded custody of the three children to their maternal grandparent, Leonard Miller, who thereupon immediately placed the said children in the homes that they had been in prior to any proceeding in the said Cheyenne County Court, indicative of the irregularity of said proceeding."

The trial court found that the order of the Kansas court was valid and stated, inter alia:

"That said orders and proceedings of the Juvenile Court of Cheyenne County, Kansas, ought to be given full faith and credit under the Constitution and Laws of the State of Colorado and of the United States of America."

The writ was accordingly made absolute and Wiggins seeks review by writ of error directed to that judgment.

It appears from the record of proceedings in the Kansas court, which were made a part of Miller's petition, that Miller petitioned that court for an order declaring the children to be dependent, awarding custody of the children to him, and to permanently deprive the father, Gerald Wiggins, of his parental rights. The Kansas court ordered that notice of hearing on this petition be given to Wiggins by mailing the same to him by United States mail "at his usual place of residence, last known to petitioner." The notice thus mailed contained the following:

"AND YOU ARE HEREBY REQUIRED to file your written defenses thereto on or before the 11th day of June, 1959, at 10:00 o'clock A.M. of said day in said Court * * * at which time and place said cause will be heard. Should you fail therein, judgment and decree will be entered in due course upon said petition."

On June 9, 1959, Gerald Wiggins filed his written answer to the petition filed by Miller, in which he denied the material allegations upon which Miller based his prayer for relief, and alleged affirmatively facts which if proven would entitle him to the custody of his children.

The Kansas court, notwithstanding that an answer was filed and the issues thus framed, entered judgment as prayed in the petition. The judgment contains the following statement which upon the face of the record cannot be correct:

"The said Gerald Wiggins makes no appearance, either

in person, by attorney or pleading, but makes his default."

There is no showing that the notice mailed to him was a compliance with the law of Kansas. The voluntary appearance of Wiggins and the filing of a written answer entitled him to a hearing on the merits. He was not in default and no valid judgment could be had without notice to him. On the showing made by Miller in the habeas corpus proceedings it affirmatively appears that the judgment of the Kansas court was void for want of due process and is not entitled to full faith and credit in the courts of Colorado.

The judgment is reversed.

MR. CHIEF JUSTICE HALL not participating.